103 F.3d 140
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert G. SETTER, Plaintiff-Appellant,
v.
ADJUSTCO, INC., Defendant-Appellee.
 No. 95-15138.
 United States Court of Appeals, Ninth Circuit.
 Argued April 10, 1996.
Submission Deferred April 11, 1996.
Submitted Aug. 23, 1996.
Decided Dec. 05, 1996.
 ORDER
 
 1
 This case is hereby submitted for decision as of August 23, 1996.
 
 
 2
 Before: BROWNING, and NOONAN, Circuit Judges, and MERHIGE, District Judge*.
 
 
 3
 MEMORANDUM**
 
 
 4
 Robert G. Setter appeals the grant of summary judgment to Adjustco Inc. in his suit seeking damages under ERISA, 29 U.S.C. § 1132(c)(1)(B). We affirm the judgment of the district court.
 
 FACTS
 
 5
 We take the following facts from the succinct statement of the district court:
 
 
 6
 On March 1, 1988, plaintiff was hired by defendant Carson City Enterprises, Inc. dba Carson City Nissan-Jeep-Eagle ("Nissan"). As part of its employee benefits package, Nissan provided plaintiff with health care coverage under the Florida Automobile Dealers Industry Benefit Trust ("FADIBT") health care program (the "Plan"). FADIBT was a welfare benefit plan under the Employees Retirement Income Security Act, 29 U.S.C. § 1001 et seq. ("ERISA") administered by Adjustco.
 
 
 7
 On July 2, 1990, while still employed with Nissan, plaintiff suffered a heart attack and required medical treatment. Around that time, FADIBT was deemed insolvent pursuant to Florida law and was proceeding under a consent order with the Florida Department of Insurance. When FADIBT received claims from the health care providers who had treated plaintiff, FADIBT offered each of plaintiff's providers a fifty (50) percent compromise payment. The record indicates each provider accepted the compromise payment. Paragraph three (3) of the agreement provided:
 
 
 8
 In consideration for the payment described in this agreement, the provider hereby releases all claims, demands, actions or causes of action against the patient (exclusive of any deductible, co-payment provision or limitation of the plan), patient's employer, FADIBT, its trustees, Adjustco, Inc., or any other person or entity having any obligation or duty pertaining to payment of the medical services described in the claim referenced in the attached "explanation of benefits" (EOB)....
 
 
 9
 In August, 1990, plaintiff was advised by a letter and "explanation of benefits" ("EOB") from Adjustco of the compromise offer to each provider, and that FADIBT had "rolled into a fully insured program with Boston Mutual Life Insurance Co.". The letter also advised plaintiff that it had paid to the medical provider fifty (50) percent of the outstanding claims. The letter notified plaintiff that:
 
 
 10
 [b]y accepting this compromise payment, the medical providers thereby releases you [plaintiff] from any unpaid balance, with the exception of any deductible, co-payment provision or limitation of the plan that may be due.
 
 
 11
 Plaintiff terminated his employment with Nissan at the end of August, 1990.
 
 
 12
 The health care providers endorsed the checks but still sought payment from Setter, threatening him with collection agencies and legal action and, from his perspective, hounding him for the unpaid balances. On January 16, 1991 Setter wrote Adjustco as follows:
 
 January 16, 1991
 Attention Ms. Tammy Wenti:
 
 13
 I would like to know why the insurance company has not paid the bills from my heart attack on 7-2-90? My personal ID# is 550-488053, F.A.D.I.B.T. Group# 1977, Dealer# 1181.
 
 
 14
 The Hospital has turned the bills over to a collection agency and now they are threatening to sue me. Care Flight has not received any word concerning payment either.
 
 
 15
 Please respond as soon as possible.
 
 
 16
 Adjustco did not reply to the letter.
 
 PROCEEDINGS
 
 17
 On June 25, 1992 Setter brought three causes of action in the district court against Adjustco. Only the third is at issue here. It alleged a failure by Adjustco to comply with the plaintiff's written request for information in violation of 29 U.S.C. § 1132(c)(1)(B). Adjustco moved for summary judgment. On December 7, 1994, the district court granted the motion. It held: "Plaintiff does not allege, nor present evidence, that FADIBT denied any of plaintiff's claim for benefits under the Plan. Therefore, the notice requirement of Section 1133 was not triggered and is not a basis for imposing liability on Adjustco."
 
 
 18
 The district court also considered whether Adjustco had a duty under Section 1024(b)(4), which requires the administration to provide, upon written request of a beneficiary:
 
 
 19
 ... a copy of the latest updated summary plan description, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated.....
 
 
 20
 29 U.S.C. § 1024(b)(4).
 
 
 21
 The district court found that Setter had not requested this type of information and that, moreover, Adjustco had informed him of its contracts with the health care providers. Accordingly, the district court entered judgment for Adjustco.
 
 
 22
 Setter appeals.
 
 ANALYSIS
 
 23
 On this appeal Setter contends only that he was entitled to a response to his letter by virtue of section 1024(b)(4). The district court has already answered this contention. Adjustco, as the district court found, had already provided Setter with the information about the settlements with the health care providers. He was not entitled by statute to ask for this information again.
 
 
 24
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Robert R. Merhige, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3